Kabir v. Barr

BIA
A070 582 946

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
>> *Chief Judge,*
> DENNY CHIN,
> MICHAEL H. PARK,
>> *Circuit Judges.*

_____

MOHAMMED KABIR,
> *Petitioner,*

> v.                                                    18-2410
>                                                       NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:               Salim Sheikh, Esq., New York, NY.

FOR RESPONDENT:               Joseph H. Hunt, Assistant Attorney
                              General; Mary Jane Candaux,
                              Assistant Director; Stephanie E.
                              Beckett, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammed Kabir, a native and citizen of Bangladesh, seeks review of a July 16, 2018 decision of the BIA denying his motion to reopen as untimely. *In re Mohammed Kabir*, No. A 070 582 946 (B.I.A. July 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion but review any finding regarding changed country conditions for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). An alien seeking to reopen proceedings may file only one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Kabir's January 2018 motion to reopen was untimely filed more than 17

2

years after his 2000 removal order. The 90-day time limitation does not apply if reopening is sought to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA reasonably concluded that Kabir's evidence did not establish such a change.

Kabir argues that conditions have worsened for Jatiya Party members like himself. "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). In support of reopening, Kabir submitted news articles and State Department Human Rights Reports for Bangladesh. The articles report that the Jatiya Party chairman was detained in a hospital in 2013 after he

3

threatened to commit suicide if arrested and a former Jatiya Party leader was murdered by unknown assailants in 2016. Certified Administrative Record at 71–77. The articles also reflect general religious and political violence in Bangladesh and the Awami League's crackdown on political dissent. *Id.* at 80–90. The 2015 and 2016 State Department reports similarly discuss that crackdown and political and religious violence, but the reports do not mention any specific targeting of the Jatiya Party, which the 2016 report characterizes as the "official opposition party" and "part of the ruling coalition." *Id.* at 121.

The record reflects similar conditions at the time of Kabir's proceedings before the IJ in 1998. At that time, the Awami League was in power, and political violence in Bangladesh was widespread. *Id.* at 420, 425, 435. Accordingly, because the evidence did not reflect a material change for members of the Jatiya Party, the BIA did not abuse its discretion in denying Kabir's motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C). Because the denial of the motion as untimely is dispositive, we do not reach Kabir's additional arguments regarding the merits of his underlying claims for

4

relief.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court